BENJAMIN B. WAGNER
United States Attorney
KURT A. DIDIER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2700

Attorneys for the Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,
v.
LINESHA SMITH,
Defendant.

Case No. 2:10-CV-00820-FCD-DAD

**SETTLEMENT AGREEMENT AND ORDER**

1. Plaintiff, United States of America, and defendant Linesha Smith hereby agree to resolve the United States' civil complaint for fraud and unjust enrichment as set forth below (the Agreement). The complaint arises from Defendant's submission of a false claim for disaster assistance following Hurricane Katrina's August 2005 devastation of parts of Louisiana. The Agreement is based upon the following facts:

A. This is an action to recover treble damages and penalties pursuant to the False Claims Act, 31 U.S.C. §§ 3729 et seq. (the FCA) and for unjust enrichment.

B. Defendant is a California resident. She has never resided in, or visited Louisiana.

C. The complaint alleges Defendant falsely claimed to the Federal Emergency Management Agency (FEMA) that she suffered hurricane caused losses. Specifically, Defendant claimed that when Hurricane Katrina struck New Orleans, Louisiana, Defendant maintained her primary residence there and suffered hurricane caused damage to her home and personal property.

D. As a result of Defendant's false claims, the United States paid temporary housing assistance for Defendant's benefit in the amount of $2,358. The United States would not have paid this amount but for Defendant's false representations. The complaint seeks the recovery of three times the amount of this loss and penalties as authorized by the FCA.

E. Defendant admits the allegations contained in the United States' complaint.

2. The United States and Defendant agree to settle this litigation upon the following terms:

A. Service of Process. Defendant has accepted, via overnight mail, service of the summons, complaint and new case documents identified at Docket Entry Nos. 1, 2, and 3.

B. Entry of Judgment. Defendant consents to entry of judgment in the amount of $6,000, representing damages, penalties and costs authorized pursuant to 31 U.S.C. §§ 3729(a)(1) - 3729(a)(3). Defendant further agrees that interest on the judgment shall accrue at 3% interest compounded annually (Interest) until the judgment is satisfied. The judgment amount, however, is reduced to $4,000, at 3% Interest, provided Defendant does not default under the provisions of the parties' repayment plan.

C. Repayment Plan. Beginning May 1, 2010, Defendant shall pay the United States at least $50 per month. Should the defendant successfully make monthly payments by the agreed upon monthly due date, the judgment shall be reduced to $4,000 at 3% Interest. Should the Defendant repay $1,500 in the first year of this repayment period, the judgment shall be further reduced to $3,500 at 3% Interest. Should the Defendant repay the remaining balance during the second year of this repayment period, the judgment shall be finally reduced to $3,000, plus 3% Interest. The payments must be postmarked by the 15th day of each month and mailed to the FEMA-LOCKBOX, P.O. Box 70941, Charlotte, NC 28272-0941. Checks must be payable to the **Federal Emergency Management Agency (FEMA)** and reference NEMIS ID 91-2248604. There is no prepayment penalty and Defendant is encouraged to increase her payments as her financial situation allows. Upon Defendant's compliance with these settlement terms, the United States will file a satisfaction of judgment with the Court.

D. Default. Defendant shall be in default if she fails to make a timely payment and

thereafter fails to cure the default within ten days from the date the United States mails written notice of the deficiency to Defendant at the address stated in paragraph E, below. The United States may also declare Defendant's default as provided in paragraph F, below. If Defendant fails to cure her default, the judgment shall revert to $6,000, plus 3% Interest from the date judgment was entered, less any previous payments received. No further notice is required. Upon Defendant's failure to cure her default, the United States may declare any unpaid balance immediately due and owing and proceed with collection efforts against Defendant.

E. Written Notice. Whenever written notice is required (this does not include payments, which must be mailed to the FEMA-LOCKBOX identified in paragraph C, above), the notice shall be addressed and mailed to the individuals identified below, unless those individuals or their successors give notice of an address change to the other parties in writing.

As to the United States:

Kurt A. Didier
Assistant United States Attorney
United States Attorney's Office
501 I Street, Suite 10-100
Sacramento, CA 95814
Phone 916-554-2700
Facsimile 916-554-2900

As to Defendant:

Linesha Smith
110 Ishi Circle
Sacramento, CA 95833
Phone: 916-271-5859

The ten day cure period provided by the default notices referenced in paragraph D, above, commences from the date the United States mails a default notice to Defendant. All other notices and shall be considered effective upon receipt.

F. Bankruptcy. This action concerns the recovery of treble damages and penalties payable to the United States for Defendant's liability under the FCA. Defendant acknowledges the provisions of 11 U.S.C. § 523(a)(7), which provide an exception to the discharge afforded by Bankruptcy Code sections 11 U.S.C. §§ 727, 1141, 1228(a) and (b), and 1328(b). Accordingly, Defendant agrees that a voluntary bankruptcy petition filed by her or an involuntary petition filed

against her shall not excuse Defendant's performance under this Agreement. The United States may treat Defendant's failure to perform during the pendency of a bankruptcy proceeding as a default under paragraph D, above.

G. Solvency. Defendant has reviewed her financial situations and warrants that she is currently solvent within the meaning of 11 U.S.C. §§ 547(b)(3) and 548(a)(1)(B)(ii)(I) and will remain solvent following payment to the United States.

H. Opportunity to Review and Revise. By settling this action, the parties intend to avoid the expenses and risks of further litigation. Each party has, or had the opportunity to fully review and revise this Agreement. The parties agree that the Agreement has been negotiated in good faith, and is fair and reasonable. Accordingly, the normal rule of construction resolving ambiguities against the drafting party shall not be utilized in the interpretation of this Agreement.

I. Authorization and Understanding. Each party to this Agreement represents and warrants that each person whose signature appears in this Agreement has been duly authorized and has the full authority to execute this Agreement on behalf of the person, persons or entity who is a party to this Agreement. Each person executing this Agreement further represents that he/she: has read and understands its contents; executes this Agreement voluntarily; and has not been influenced by any person acting on behalf of any party. The Agreement is binding on each party and on its successors in interest, transferees and assigns.

J. Governing Law. This Agreement is entered into in the State of California and shall be construed and interpreted according to its laws or federal laws, as is appropriate.

K. Severability. If any term, provision, covenant or condition of this Agreement is held by a court of competent jurisdiction to be invalid, void, or unenforceable, the remainder of the provisions shall remain in full force and effect.

L. A fully executed copy–including facsimile signatures–of the Agreement shall be deemed an original for all purposes, and this Agreement may be executed in one or more counterparts, each of which shall be an original, but all of which shall constitute one instrument.

M. Entire Agreement. This document memorializes the parties' entire Agreement. The Agreement's terms are contractual and not mere recitals, and may be amended or modified in

///

whole, or in part, at any time only by an agreement in writing, executed in the same manner as this Agreement.

**LINESHA SMITH**

Dated: March 20, 2010

By: /s/ Linesha Smith
LINESHA SMITH, an Individual

**UNITED STATES OF AMERICA**

BENJAMIN B. WAGNER
United States Attorney

Dated: April 9, 2010

By: /s/ Kurt A. Didier
KURT A. DIDIER
Assistant United States Attorney
Attorneys for the United States of America

**ORDER**

The Court, having reviewed the court files and parties' settlement agreement (the Agreement) and finding good cause therefor, hereby APPROVES the terms of the Agreement. The stipulated entry of judgment as provided in the Agreement shall be entered as a separate judgment.

IT IS SO ORDERED.

Dated: April 9, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE